UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TEKEELA A. MCCASKILL, | : | Case No. 06-cv-743 |
| | : | |
| Plaintiff, | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | **MEMORANDUM OPINION AND** |
| ALCOHOLISM COUNCIL OF THE | : | **ORDER GRANTING DEFENDANTS'** |
| GREATER CINCINNATI AREA, *et al.*, | : | **MOTION FOR SUMMARY JUDGMENT** |
| | : | |
| Defendants. | : | |

This civil action is before the Court on Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. 30), and Plaintiff's responsive memorandum (Doc. 32).[1] Also before the Court are Defendants' motion to strike Plaintiff's responsive memorandum (Doc. 33), Plaintiff's response (Doc. 34), and Defendants' motion to strike Plaintiff's response (Doc. 35).  The parties have consented to final adjudication by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (*See* Doc. 21).  For the reasons that follow, the Court **DENIES** Defendants' motions to strike (Docs 33, 35) and **GRANTS** Defendants' motion for summary judgment (Doc. 30).

---

[1] The Court advised Plaintiff in person in Court on June 24, 2008 at the preliminary pretrial conference (*see* Doc. 28) that Defendant's motion would be treated as a motion for summary judgment under Rule 56, and the Court provided Plaintiff (and Defendant) with a copy of the Court's "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," a copy of which is attached to this Memorandum Opinion and Order as Appendix A.

## I.  BACKGROUND FACTS

Plaintiff Tekeela McCaskill filed a *pro se* complaint on November 16, 2006 against Defendants the Alcoholism Council of the Greater Cincinnati Area (the "Council") and Cameron Foster (collectively "Defendants") alleging that her supervisor, Cameron Foster, subjected her to sexual harassment and a hostile work environment, and that he retaliated against her after she complained about his behavior.  (Doc. 3).

On November 29, 2005, Plaintiff submitted a complaint to the Ohio Civil Rights Commission ("OCRC"), alleging that she was sexually harassed by Mr. Foster.  (Doc. 30, Ex. A).  Plaintiff claimed that Mr. Foster, made four "lewd and degrading sexual comments to [her]" that created a hostile working environment.  *Id*.  Moreover, Plaintiff alleged that she was subjected to different terms and conditions of employment in retaliation for making complaints regarding the hostile working environment.  *Id*.  After allegedly reporting Mr. Foster's comments to Dr. Kamaria Tyehimba (who was not her supervisor nor Foster's), Plaintiff claimed that "Foster began to closely monitor [her] work and denied [her] training and flex time; [also he] added additional duties that were often unnecessary and redundant.  [She believed] there [was] a connection between [her] complaints and [her] treatment." *Id*.

When the Council management became aware that Plaintiff had filed a complaint with the OCRC, it placed Foster on administrative leave pending the outcome of an internal investigation.  (Doc. 30, Ex. A).  Before the investigation was complete, Plaintiff submitted a letter of resignation.  (*Id*., Ex. A-3).  None of Plaintiff's articulated reasons for resigning related to her allegations of sexual harassment or retaliation.  (*Id*., Ex. A-4).

-2-

Moreover, Mr. Foster denied making the alleged comments, and the Council's investigation yielded no evidence to support Plaintiff's claims. (Doc. 30, Ex. A).

Prior to filing the OCRC complaint, the only person with whom Plaintiff discussed any of her complaints was Dr. Tyehimba, who is the Director of the Recovery Health Access Center.[2] (Doc. 30, Ex. A). Dr. Tyehimba was not within Plaintiff's chain of command and had no supervisory authority over her or Mr. Foster. *Id.* Furthermore, Dr. Tyehimba reported that she never perceived Plaintiff's complaints to constitute any allegations of sexual harassment. *Id.* Additionally, on October 17, 2005 and November 23, 2005, one date being within a month, and the second date being within the same week, of the date of Plaintiff's filing of her complaint with the OCRC, the CEO of the Council, Nan Franks Richardson, told Plaintiff that her continued performance problems put her at risk for "immediate termination." (Doc. 30, Ex. A). In fact, since June 2005, Council employees had been participating in lengthy meetings with Plaintiff to discuss her performance problems and failure to meet agency expectations. *Id.*

## II.  PROCEDURAL HISTORY

On June 20, 2008, Defendants filed a motion to dismiss or in the alternative for summary judgment. (Doc. 30). On June 25, 2008, this Court ordered Plaintiff to file her response in opposition to Defendants' motion for summary judgment by August 1, 2008. (Doc. 31).[3] On August 1, 2008, Plaintiff filed a response in opposition to Defendants'

---

[2] Plaintiff claims that she also reported these allegations to Nan Franks Richardson, CEO of the Council. (Doc. 3). However, Plaintiff fails to substantitate this allegation with a sworn affidavit or any other Rule 56 evidence. Moreover, Ms. Richardson (via affidavit) denies that Plaintiff raised any complaints of sexual harassment or retaliation with her prior to Plaintiff filing the OCRC complaint. (Doc. 30, Ex. A; Doc. 29, Ex. 1).

[3] *See* footnote 1, *supra*.

motion for summary judgment. On August 8, 2008, Defendants filed a motion to strike Plaintiff's response. (Doc. 33). On September 4, 2008, Plaintiff filed a response in opposition to Defendants' motion to strike (Doc. 34) and on September 5, 2008, Defendants filed a motion to strike Plaintiff's response. (Doc. 35).

### III.  DEFENDANTS' MOTIONS TO STRIKE

Before considering the merits of Defendants' motion to dismiss or in the alternative for summary judgment, this Court must consider whether it should strike Plaintiff's response in opposition to Defendants' motion (Doc. 32) and/or Plaintiff's response to Defendants' motion to strike (Doc. 34).

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." According to the caselaw of this circuit, the "action of striking a pleading should be used sparingly by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Moreover, striking a pleading should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Id. See also, Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir. 1999); ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."); *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (explaining that allegations in a *pro se* complaint are held "to less stringent standards than formal pleadings drafted by lawyers").

Defendants argue that Plaintiff's response memorandum (Doc. 32) and all unauthenticated documents filed with the memorandum should be stricken because: (1) it contains inadmissible legal conclusions, opinions, and hearsay and does not comply with S.D. Ohio Civ. R. 7.2(e); (2) Plaintiff fails to authenticate documents and facts in an affidavit; and (3) Plaintiff failed to sign the memorandum as required by Fed. R. Civ. P. 11(a). (Doc. 33). Additionally, Defendants claim that Plaintiff's response to Defendants' motion to strike (Doc. 34) should also be stricken because it was not timely filed (Doc. 35).

While this Court acknowledges that Plaintiff failed to comply with the express requirements of the Federal Rules of Civil Procedure, as a *pro se* Plaintiff, the undersigned holds Plaintiff to a less stringent standard and finds that Defendants will not be prejudiced if the Court considers Plaintiff's memoranda and attached documents. Accordingly, this Court denies Defendants' motions to strike (Docs. 31 & 35).

## II.    STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the

outcome of the action.  *Celotex*, 477 U.S. at 323 (in order to overcome a motion for summary judgment, a plaintiff must come forward with admissible evidence demonstrating that genuine issues of material fact exist for trial).  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248.

## IV.    ANALYSIS

### A.    Plaintiff's Claim for Sexual Harassment

Courts have recognized two types of workplace sexual harassment as constituting discrimination on the basis of sex: (1) *quid pro quo* harassment, in which a supervisor requests sexual favors in exchange for job benefits and (2) "hostile work environment" harassment, in which a pervasive atmosphere of sexual harassment creates an objectively hostile work environment.  *Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 618-19 (6th Cir. 1986).

Plaintiff has alleged the hostile work environment strain of sexual harassment.  (Doc. 3).  To prevail, Plaintiff must show that: (1) she is a member of a protected class; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on her sex; (4) the harassment unreasonably interfered with her work performance and created a

hostile work environment; and (5) Defendants "knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action." *Fleenor v. Hewitt Soap Co.*, 81 F.3d 48, 50 (6th Cir.) (quoting *Rabidue*, 805 F.2d at 621), *cert. denied*, 117 S. Ct. 170 (1996).

To determine whether an environment is sufficiently hostile or abusive to constitute harassment, the Court must look "at all the circumstances" including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-788 (1998). Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment." *Id*. at 787-88. The conduct must be extreme and regular enough to amount to a change in the terms and conditions of employment. *Id*.

Accordingly, even if the Court took Plaintiff's allegations as true, she fails to satisfy the rigorous standard required to prove sexual harassment as a matter of law. Four offensive remarks over the course of eight months do not fall into the category of what courts have defined as severe (*i.e.*, physically threatening or involving physical contact).

Furthermore, Plaintiff fails to allege facts sufficient to establish the fifth element required to state a claim for sexual harassment, that Defendants knew or should have known of the sexual harassment and failed to implement corrective action. *Fleenor*, 81 F.3d at 50. The undersigned has reviewed all of the documents attached to Plaintiff's

-7-

responsive memorandum,[4] but fails to note any evidence that Plaintiff communicated the alleged harassment to either Dr. Tyehimba or Ms. Richardson, as asserted in Plaintiff's complaint. This finding is further supported in the affidavits of Dr. Tyehimba and Ms. Richardson. (Doc. 29, Ex. 1, 4).

Even if Plaintiff were able to establish the elements of a sexual harassment claim, Plaintiff's claim still fails because she did not follow the Council's procedure for reporting inappropriate workplace behavior. In a case where a plaintiff alleges only "hostile work environment" harassment, as is the present case, the employer avoids all liability if it can demonstrate that: (1) it exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and (2) the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Faragher*, 524 U.S. at 807.

The Council has an extensive anti-harassment policy with a complaint procedure that meets the first element of the defense and requires that any employee who knows or is a victim to "report it immediately to his or her supervisor, department head, or to the Chief Executive Officer." (Doc. 30, Ex. A-1). Mr. Foster was both Plaintiff's supervisor and the department head; therefore, the policy would have required Plaintiff to report her complaints to the Chief Executive Officer, Nan Franks Richardson. Plaintiff failed to

---

[4] The undersigned reviewed all of the evidence submitted by Plaintiff despite the fact that the documents were not properly authenticated as required by the Federal Rules of Civil Procedure. Documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they are to be disregarded. *See Dole v. Elliott Travel & Tours, Inc*., 942 F.2d 962, 968-69 (6th Cir. 1991); *State Mutual Life Assurance Co. of America v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979).

report her complaints according to the Council policy. Instead, Ms. Richardson first learned of Plaintiff's allegations when she received the OCRC complaint. (*Id*., Ex. A; Doc. 29, Ex. 1). Therefore, Plaintiff failed to use the internal complaint procedure as required by law, and Defendants have established an affirmative defense to Plaintiff's claim for sexual harassment.

This Court finds that even when construing all evidenced facts in a light most favorable to Plaintiff, Plaintiff fails to set forth specific facts showing a genuine issue for trial, and, therefore, Defendants are entitled to judgment as a matter of law.

**B.     Plaintiff's Claim for Retaliation**

Plaintiff also claims that after disclosing the alleged harassment to Council employees, Mr. Foster retaliated against her in various ways, including harassing her and requiring her to work outside her ordinary duties. (Doc. 3). Title VII of the Civil Rights Act of 1964 prohibits an employer from retaliating against an employee who has "opposed" any practice by an employer made unlawful under Title VII. 42 U.S.C. § 2000e-3(a). It also prohibits retaliation against an employee who has "participated" in any manner in an investigation under Title VII. *Id*.

The court in *Moore v. Kuka Welding Sys*., 171 F.3d 1073, 1080 (6th Cir. 1999), summarized what is required in order to state a claim for retaliation under Title VII:

> "To establish retaliation under Title VII, a plaintiff must show (1) that [she] engaged in a protected activity; (2) that [she] suffered an adverse employment action; and (3) that the adverse action occurred because of the protected activity . . . The causal connection between the adverse employment action and the protected activity . . . may be established by demonstrating that

> the adverse action was taken shortly after plaintiff filed the
> complaint and by showing that [she] was treated differently
> from other employees."

The evidence of record in this case supports the fact that the only complaints Plaintiff raised prior to her filing a complaint with the OCRC was that Mr. Foster was a critical supervisor, not that she was being sexually harassed. (Doc. 30, Ex. A; Doc. 29, Ex. 4). According to Dr. Tyehimba, Plaintiff never claimed that she was being sexually harassed, nor did Dr. Tyehimba perceive the complaints as such. *Id.* Moreover, these complaints were raised with Dr. Tyehimba who is not a Council employee.

Therefore, Plaintiff cannot establish the requisite causal connection between the alleged adverse employment action and protected activity. The evidence submitted by both parties confirms that Council employees did not learn about the allegations of sexual harassment until after Plaintiff filed her OCRC complaint. (Doc. 30, Ex. A-A-5). Accordingly, Plaintiff's claim for retaliation fails as a matter of law.

## V.   CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motions to strike. (Docs. 33, 35). Based on the evidence of record, the Court finds that there are no genuine issues of material fact for trial, and Defendants are entitled to judgment as a matter of law. It is therefore **ORDERED THAT** Defendants' motion for summary judgment (Doc. 30) is **GRANTED,** and this case is **CLOSED.**

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Court, by separate document, shall forthwith enter judgment against Plaintiff, and the Clerk shall serve all parties with copies of this Memorandum Opinion and Order and the Entry of Judgment.

**IT IS SO ORDERED.**

Date:  September 26, 2008                              s/ Timothy S. Black
                                                                            Timothy S. Black
                                                                            United States Magistrate Judge

**APPENDIX A**

Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment

The purpose of this notice is to notify you that THE DEFENDANT HAS FILED A MOTION for summary judgment ASKING THE COURT TO DISMISS ALL OR SOME OF YOUR CLAIMS WITHOUT A TRIAL. The defendant argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.

THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

The papers you file must show one or both of the following:

(A) That you disagree with the defendant's view of the law governing your case;

AND/OR

(B) That
  (1) You disagree with the defendant's version of the facts;
  (2) You have evidence contradicting the defendant's version; AND
  (3) The evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor. To make this showing, YOU MUST FILE ONE OR MORE AFFIDAVITS DISPUTING THE DEFENDANT'S VERSION OF THE FACTS. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a

notary public or other person authorized to administer oaths.  In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims.

IF YOU FAIL TO SUBMIT EVIDENCE CONTRADICTING THE DEFENDANT'S VERSION OF THE FACTS, YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE.  It is therefore very important that you read the defendant's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the defendant's version of the relevant facts.

YOU MUST FILE YOUR RESPONSE PAPERS with the Clerk of the Court and serve a copy to defendant's counsel WITHIN 21 DAYS OF THE FILING OF DEFENDANT'S MOTION WITH THE CLERK OF COURT.

If you fail to follow these instructions, the defendant's motion may be granted.